UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMUS GRISSO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO,[1] et al.,<br><br>    Defendants. | Case No. 24-cv-08140-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

Plaintiff Maximus Grisso challenges a decision by a Social Security Administration (SSA) administrative law judge (ALJ) that denied his application for disability insurance benefits under Title II of the Social Security Act. *See* Dkt. No. 1. Grisso filed a motion for summary judgment, Dkt. No. 16, which the parties briefed, Dkt. Nos. 21, 22. Summary judgment is granted in favor of Grisso, and the case is remanded to the SSA for further proceedings consistent with this order.

## BACKGROUND

Grisso applied for Title II benefits on April 25, 2020. Administrative Record, Dkt. No. 13 (AR), at 17. The SSA denied Grisso's application on June 29, 2022, and denied reconsideration on November 14, 2022. AR127-31, 132-39. The ALJ held a hearing on October 23, 2023, and heard testimony from Grisso, who was represented by an attorney, and a vocational witness. AR38-74.

On January 25, 2024, the ALJ issued a decision affirming the denial of benefits. *See* AR17-31. The ALJ found that Grisso had to show that he was under a disability on or before September 20, 2019, the date he was last insured. AR18. The ALJ concluded that Grisso has fibromyalgia that did not rise to the level of a severe physical impairment during the relevant time

---

[1] Defendant Frank Bisignano is substituted for Martin O'Malley. *See* Federal Rule of Civil Procedure 25(d).

1  period.  AR20.  The ALJ also found that Grisso had three severe impairments (major depression,
2  generalized anxiety disorder, and attention deficit hyperactivity disorder) that did not render him
3  disabled under the Social Security Act.  *See* AR20, 30.

## DISCUSSION

Grisso challenges the ALJ's conclusions on several grounds.  His main contention is that the ALJ erred in concluding that his fibromyalgia was not a severe impairment.  *See* Dkt. No. 16 at 10-17, 22.  The Court does not need to reach Grisso's other arguments because the ALJ's error about the severity of Grisso's fibromyalgia is enough to warrant a remand.

"Judicial review will disturb an ALJ's decision to deny benefits only 'if it is not supported by substantial evidence or it is based on legal error' that is not harmless."  *Tibbetts v. Kijakazi*, No. 3:22-cv-00898-JD, 2022 WL 16716153, at *1 (N.D. Cal. Nov. 4, 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

The ALJ found that Grisso's fibromyalgia was not a severe impairment at the second step of the five-step sequential analysis used to determine whether a claimant is eligible for benefits. AR20.  "At the second step, the ALJ evaluates whether the claimant's physical or mental impairments, or a combination of those impairments, significantly limit basic work activities." *Grzegorek v. Saul*, No. 18-CV-04789-JD, 2020 WL 619808, at *1 (N.D. Cal. Feb. 10, 2020) (citing 20 C.F.R. §§ 416.920(a)(4)(ii), (c)).  "The inquiry at step two is 'a de minimis screening device used to dispose of groundless claims.'"  *Id.* (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)).  "[A]n ALJ may find an impairment or combination of impairments 'not severe' at step two 'only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'"  *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (emphasis omitted) (quoting *Webb*, 433 F.3d at 686).

In the step two discussion, the ALJ stated that Grisso "testified to having issues with pain with reliance on his partner to carry out household chores."  AR20.  That is not an entirely fair summary of Grisso's testimony.  Grisso's actual testimony was that before the date last insured, he was trying everything he could to "clip the fibromyalgia down," including "drug after drug," "[p]hysical therapy, swimming, yoga, [and] improving [his] diet," but that he still "felt like it

2

really took over [his] life" and that he "felt like a prisoner in [his] home of [his] pain and [his] fatigue." AR50. The pain and fatigue got to the point that Grisso's partner "picked up a lot of the stuff around the house that [Grisso] wasn't able to do anymore," such as "laundry and dishes" and "walking the dogs." AR49. Grisso also testified that "the pain [from] sitting on a computer" prevented him from completing job applications. AR51.

The ALJ did not credit, or substantively address, Grisso's testimony. There is no dispute that fibromyalgia could cause the problems testified to by Grisso, and there is no evidence of malingering in the record. In these circumstances, an "ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). "The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (quoting *Garrison*, 759 F.3d at 1015).

Because fibromyalgia is an "unusual" disease, the ALJ was required to evaluate the evidence "in light of fibromyalgia's unique symptoms and diagnostic methods." *Id.* at 656, 662 (citation omitted). "The condition is diagnosed entirely on the basis of patients' reports of pain and other symptoms," and "the symptoms of fibromyalgia wax and wane" such that a patient may have "bad days and good days." *Id.* at 657, 666 (quotation omitted). It is not uncommon that individuals with fibromyalgia have "muscle strength, sensory functions, and reflexes [that] are normal." *Id.* at 656 (quotation omitted, alteration in original).

The ALJ's primary reasons for finding against Grisso was that he had obtained a "good benefit from his course of treatment," "did not require any regular urgent care or emergency care" for fibromyalgia, and stayed active by exercising, walking his dogs, and on at least one occasion, hiking and camping. AR20. The ALJ also noted that medical records indicated that Grisso "was in no acute distress and maintained normal joint motion without tenderness or swelling," and had "normal stability, 5/5 strength, lumbar flexion to 90 degrees, negative straight leg raise testing, and normal gait and station." AR20.

The shortfall here is that the ALJ did not meaningfully account for Grisso's testimony about the severity of his symptoms, which the ALJ simply ignored. It may be that the record

3

hinted at occasional improvement in Grisso's symptoms with treatment in September 2018, AR537,[2] but "there is no cure" for fibromyalgia, and the disease is known to fluctuate in severity. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  To that point, in September 2019, Grisso reported that he "continue[d] to struggle with fibromyalgia pain," his back was "very unhappy lately," and he recently had a few days "where it was difficult for him to walk."  AR493.  Grisso's medical history is consistent with the known fact that fibromyalgia symptoms "wax and wane" over time.  *Revels*, 874 F.3d at 657 (quotation omitted).  This is why the disease is best considered on a "longitudinal record whenever possible."  *Id*. (quotation omitted).

Grisso's activity levels were equally in flux.  For example, during a doctor's visit Grisso reported walking his dogs, but also that he had had difficulty walking at all the previous week.  AR493; *see also* AR520.  Periods of reduced pain and increased mobility are not necessarily fatal to a finding of disability.  "A claimant 'does not need to be utterly incapacitated in order to be disabled,'" and "the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [his] credibility as to [his] overall disability."  *Revels*, 874 F.3d at 667 (quoting *Benecke*, 379 F.3d at 594).  Other evidence cited by the ALJ indicated "normal muscle strength, tone, and stability, as well as a normal range of motion," but those findings are "perfectly consistent with debilitating fibromyalgia."  *Id.* at 666.

Overall, the ALJ did not provide clear and convincing reasons to disregard Grisso's testimony.  This error was not harmless.  "Our circuit has stated that an error is harmless only 'when it was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination.'"  *Tibbetts*, 2022 WL 16716153, at *2 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).  The ALJ's error affected the ultimate determination because Grisso's fibromyalgia was not considered in the subsequent steps of the disability analysis.  This alone is sufficient for remand, and so the Court does not need to reach Grisso's other arguments of error in the ALJ's decision.  *See id.*

---

[2] The ALJ mistakenly gave this date as January 2019 by citing a doctor's note from January 25, 2019, but the relevant information is under the subheading "Last visit 09/28/2018."  *See* AR537.

**CONCLUSION**

The case is remanded to the SSA for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: January 12, 2026

JAMES DONATO
United States District Judge